CHARLES MALLOY and others v. THOMAS J. BRUDEN and wife and others.

### Married Women, probate of deeds of—Records.

1. The acknowledgment and privy examination of a married woman in executing a deed for her land, in 1844, is ineffectual to bar her, where, by reason of her inability to attend the county court, a commission to take the probate issued to a single justice : the statute required it to be issued to two or more commissioners. Rev. Stat., ch. 37, construed in *Burgess* v. *Wilson*, 2 Dev., 306.

2. Whenever there is a discrepancy between the certificate of the clerk of a court and the record, the latter controls.

(*Burgess* v. *Wilson*, 2 Dev., 306, cited and approved).

EJECTMENT tried at January Special Term, 1883, of RICHMOND Superior Court, before *Graves, J.*

This action is brought to recover a parcel of land, and the only question involved in the appeal is as to the sufficiency of the probate and privy acknowledgment of a certain deed, executed on the 2d day of October, 1844, to one Charles Malloy by Alexander Malloy and his wife Mary Ann —she being then the owner of the land.

Upon the deed are the following endorsements: " I, John L. Fairley, did go to the house of Alexander Malloy on the 19th of April, 1845, and privately and apart from her husband, Alexander Malloy, examined Mary Ann Malloy, who says she executed this conveyance truly of her own accord, without fear or compulsion of the said Alexander Malloy, her husband." (Signed by John T. Fairley).

· STATE OF NORTH CAROLINA,  }  Court of Quarter Sessions,
　　　Richmond County.  }  　　　　April Term, 1845.

" When the foregoing deed was exhibited in open court and offered for probate, and it appearing to the satisfaction of the court that John L. Fairley had taken the private examination

39

of Mary Ann Malloy, the *feme covert*, whose report is hereunto appended, and it also appearing to the satisfaction of the court, that Alexander Malloy had acknowledged the execution of the same at the January term last past of this court, the court ordered the whole to be registered." (Signed by G. A. Nicholson, C. C. C.).

Upon the minutes of the said county court, the following entry appears, at January term, 1845: "A deed from Alexander Malloy and wife, Mary Ann, to Charles Malloy, was exhibited in open court and offered for probate, and duly acknowledged by Alexander Malloy, and it appearing to the satisfaction of the court that Mary Ann Malloy was a *feme covert*, it is ordered by the court that a commission issue to John L. Fairley, one of the body, to take the private examination of Mrs. Mary Ann Malloy, wife of Alexander Malloy aforesaid, touching her executing said deed, and report the same to the next term of the court."

Also, the following at April term, 1845: "A deed of conveyance from Alexander Malloy and wife, Mary Ann Malloy, to Charles Malloy, was exhibited in open court and offered for probate, and it appearing to the satisfaction of the court that John L. Fairley, one of their body, had taken the private examination of Mary Ann Malloy, wife of the aforesaid Alexander Malloy, touching her having executed said deed freely, voluntarily and of her own accord, whose report appears appended to the deed, and it also appearing to the court that Alexander Malloy has acknowledged the execution of said deed at January term last past of this court, the court ordered the whole to be registered."

Accompanying the deed is a commission which was issued by said court to John L. Fairley, the purport of which is as follows:

STATE OF NORTH CAROLINA,
    To John L. Fairley—*Greeting:*

" Whereas, Charles Malloy hath produced a deed of conveyance made to him from Alexander Malloy and wife, Mary Ann

Malloy, of a certain parcel of land situate in the county of Richmond and our state, and procured the same to be proved or acknowledged by the said Alexander and Mary Ann his wife, in the court of our said county of Richmond, and it being represented to our said court that Mary Ann Malloy, wife of said Alexander, is so infirm that she cannot travel to our said court, to be privily examined as to her free consent in executing said conveyance: Know ye, that we, in confidence of your prudence and fidelity, have appointed you, and by these presents do authorize you to take the private examination of the said Mary Ann, wife of the said Alexander, concerning her free consent in executing the said conveyance, and therefore we command you that, at such time and place as you shall think fit, you go to the said Mary Ann Malloy, if she cannot conveniently come to you, and privately and apart from her husband examine her, whether she executed the said conveyance freely and of her own accord, without fear or compulsion of her husband, the examination being distinctly and plainly written on the said deed or on some paper annexed thereto, and when you shall have so taken the said examination, you are to send the same, closed up and under your seal, together with this writ, unto our said court to be held for the said county in Rockingham on the 3d Monday in April next. Witness, G. A. Nicholson, clerk of our said court, at office, the 17th day of March, A. D. 1845." (Signed by Nicholson, as clerk).

The plaintiffs in the action claimed under said deed. His Honor was of the opinion that the probate and acknowledgment thereof were not sufficient to bar the *feme covert* or her heirs, and the plaintiffs then submitted to a judgment of nonsuit, and appealed.

*Messrs. Burwell, Walker & Tillett,* for plaintiffs.
*Messrs. Frank McNeill* and *J. D. Shaw,* for defendants.

RUFFIN, J.  The court does not hesitate to concur in holding the deed to be ineffectual to pass the estate of Mrs. Malloy in the land, for want of a due acknowledgment and privy examination on her part.

As the commission which issued was directed to a single commissioner, and with authority to him, alone, to receive her acknowledgment and take her private examination, there can be no pretence (nor was there any made upon the argument) that the probate was valid under the third and fourth sections of the act of 1751 (Rev. Stat., ch. 37, §§ 10 and 11), in which provision is made for taking the probate of the deed of a married woman, who, by reason of her infirmity, is unable to travel to the court: for the express direction of the statute in such case is, that the commission shall issue, and the authority confided in, not less than *two commissioners*.

The only other provision, at that time made, for the probate of deeds of *femes covert* before the county courts, was that contained in the second section of the same act (Rev. Stat., ch. 37, § 9); and contrasted with it, the mode of proceeding with the deed in question was fully as defective and inoperative as under the sections first referred to.

The provisions of this section were all brought under review in *Burgess* v. *Wilson*, 2 Dev., 306, and the construction which was then put upon it, has been ever since accepted by the courts and the bar as the true one.  It was there held essential, in order to convey the lands of a married woman capable of attending the court, that her deed should be first personally acknowledged by both her husband and herself in open court, and that her private examination should be then and there taken, within the verge of the court, by some one sitting as a member thereof; that it was intended that the acknowledgment and the examination should be taken together (or rather as one continuous transaction), the former in the hearing of the whole court, and the latter within its precincts; but that neither should ever be taken by a single justice, and as a matter *in pais*.

The reason of all this particularity was said to be to avoid, as far as possible, giving any opportunity for collusion between the husband and the justice who might be appointed to conduct the examination.

It is plain that the deed of the wife in this instance was never acknowledged by her, or her consent thereto ascertained, except before a single justice, and at her own home, admitted to be eighteen miles from where the court was sitting. True, the clerk's commission recites an acknowledgment as having been made by her before the court, but the records as made at both January and April terms—the one preceding and the other succeeding the taking of her private examination—positively contradict this, and put it beyond dispute that the only acknowledgment which was made in court was that of the husband alone; and in the case just cited it was distinctly said, that wherever the certificate of the clerk was contradicted by the record, it must be controlled thereby. It is evidently impossible, under such circumstances, and when the defect in the proceeding so plainly appears of record, to give any force to the maxim, *omnia præsumuntur rite esse acta*. To do so, would be to close our eyes to the well established truth, and to adhere to falsity simply because of its antiquity.

The court can perceive no error in the judgment of the court below, and the same is therefore affirmed.

No error.                                                    Affirmed.