MARY McGLENNERY v. REID MILLER and others.

*Husband and Wife, probate of deed of—Tenant by the Courtesy—Parties.*

1. A deed made in 1852 by husband and wife, conveying the wife's land, was required to be first acknowledged by the husband and wife, and then her privy examination taken; and unless this order of acknowledgment and

probate, under the Revised Statutes, ch. 37, §§10, 11, was observed, the deed is ineffectual to pass title either to the interest of the wife or that of the husband as tenant by the courtesy initiate.

2. A husband tenant by the courtesy initiate has an interest in the land, and is a necessary party to a suit respecting it; and if he refuse to become a co-plaintiff in an action by the wife to assert her right to the property, he should be made a party defendant.

3. But where the action concerns her separate property, or is between herself and her husband, she may sue alone. The Code, §178.

(*Burgess* v. *Wilson,* 2 Dev., 306; *Pierce* v. *Wanett,* 10 Ired., 446; *Malloy* v. *Bruden,* 88 N. C., 305; *Williams* v. *Lanier,* Busb., 30; *Houston* v. *Brown,* 7 Jones, 161; *Wilson* v. *Arentz,* 70 N. C., 670, cited and approved).

Ejectment tried at Spring Term, 1883, of Ashe Superior Court, before *Gudger, J.*

The plaintiff is a married woman. She intermarried with her present husband, Martin McGlennery, in the year 1850. There were children of the marriage born alive, and at the time of the marriage she was seized in fee of the lands described in the complaint.

On the 7th day of February, 1852, the plaintiff and her husband executed a deed purporting to convey the land in fee to John Hartzog and Eliza Hartzog. The execution of this deed was witnessed by C. R. Phillips.

The husband never acknowledged the execution of the deed, but on the 15th day of June, 1857, the execution thereof by him was proved before the clerk of the county court of Ashe county by the subscribing witness.

The county court of that county, at the February term thereof in 1852, made an order in these words: "It appearing to the satisfaction of the court that Mary McGlennery is a citizen of Wilkes county, it is ordered that C. R. Phillips, one of the court, and B. C. Calloway, be appointed commissioners to take the privy examination of the said Mary McGlennery, and that a commission issue to them touching the execution of the said deed by her."

There appears on the record an entry in these words: "February 7th, 1852. We, the undersigned, being appointed by the court to take the acknowledgment of Mary McGlennery to the above deed, examined her separate and apart from her husband, and she says that it is her deed and act of her own free will." (Signed by Phillips and Calloway).

It appears that a commission issued to the persons who signed this certificate, directing them to take the acknowledgment of the execution of the said deed by the plaintiff, and her privy examination in relation thereto, but it does not appear that the commission was ever returned to the court, or that the court ever made any order directing the registration of the deed and the certificate thereon.

It further appears that another entry was made on the deed in the following words: "North Carolina, Ashe county: June 15th, 1857. The within deed was duly proved before me by the oath of C. R. Phillips, one of the subscribing witnesses to said deed, and ordered to be registered, together with the certificate annexed. Test, B. Gambill, C. C. C."

The husband of the plaintiff is not joined as a party to the action, because he refused to be made a party.

The defendants claim title to the land in question by virtue of the deed above referred to.

The plaintiff insists that the deed was inoperative and void, because the privy examination of the plaintiff was insufficient; and further, that it was likewise inoperative and void as to the husband of the plaintiff. The court so held, and the defendants excepted and appealed from the judgment.

*Messrs. Linney, Witherspoon* and *Folk*, for plaintiff.
*Mr. J. W. Todd,* for defendants.

MERRIMON, J., after stating the facts. The principal question raised by the exceptions was as to the validity and sufficiency of the probate of the deed executed by the plaintiff and her husband on the 7th day of February, 1852.

In our judgment the privy examination of the wife is fatally defective, and therefore no title passed to the bargainees by the deed.

The execution of the deed in question purports to have been proved under and in pursuance of the Revised Statutes, ch. 37, §§10, 11. These sections provide in substance that a deed executed by husband and wife must be acknowledged before a judge of the supreme or superior courts, or before the county court of the county where the land lies, and that then the privy examination of the wife shall be taken by the judge, or by some member of the county court appointed by the court for that purpose. If the deed shall be acknowledged by the husband, or proved as to him by the oath of one or more witnesses before a judge, or before the county court of the county where the land lies, and it shall be represented to the judge or county court that the wife is a resident of another county, or is so aged and infirm that she cannot travel to the judge or county court to make acknowledgment of the deed and let her privy examination be taken, then, and not until then, the judge or the county court may, by his or their order, direct the clerk of the county court of the county where the land lies to issue a commission to two or more commissioners, authorizing them to take the acknowledgment of such deed of the *feme covert*, and likewise to examine her privily and apart from her husband, touching her free consent in the execution of the deed; and when they shall have taken such acknowledgment and privy examination, to certify the same to the county court, and this court shall then order the same, with the commission and certificate, to be registered.

It is contemplated and required by the statute that the deed shall be first acknowledged by the husband and wife, and that her privy examination shall be taken afterwards; or, if for any of the causes specified in the statute this cannot be done, then, first, the husband must acknowledge the execution of the deed, or it must be proved as to him by witnesses before a judge or the county court, and then, upon suggestion to the judge or

county court, as directed by the statute, the commission may go out to take the acknowledgment and privy examination of the wife.

This is the order of acknowledgment of the execution of a deed by husband and wife provided by the terms of the statute, and this order is regarded as material, and of the substance of the execution of such a deed. The leading purpose of the statute, it is true, was to facilitate alienations by married women, but it was likewise intended to protect them against the undue influence of their husbands. Hence, the privy examination: this was to take place after the acknowledgment of the signing of the deed, apart from the husband, in the presence of the examining officers where the wife was supposed to feel free to express herself under the examination as to her will and desire in respect to the deed. It was intended also that. the husband should first acknowledge the execution of the deed, to the end it might appear that the wife signed the same with his knowledge and consent. She is to be protected by him as well as by the law. This view of the statute is fully warranted by its terms and purpose, and it has been so repeatedly and uniformly construed. *Burgess* v. *Wilson*, 2 Dev., 306; *Pierce* v. *Wanett*, 10 Ired., 446; *Malloy* v. *Bruden*, 88 N. C., 305.

It does not appear that the deed in question was ever before the county court, or that the husband ever acknowledged it, or that it had been proved as to him by witnesses before the supposed privy examination of the wife. Indeed, it appears negatively that he never acknowledged it, and affirmatively that it was proved as to him by witnesses several years afterwards.

The order of the court appointing the commissioners is indefinite in its terms and very defective in its provisions. It does not mention that any particular deed had been acknowledged, or proved by any person, nor does it appear what deed the plaintiff was to be examined about.

The report of the commissioners is quite as defective. It does not appear that it was ever certified to the court, or that the

court ever saw it, or made any order respecting it; nor does it appear that the court ever ordered the deed, the entries thereon, or the commission, or any return of it, to be registered.   There could scarcely be a lamer attempt at a compliance with the essential requisites of the statute.   We cannot hesitate to hold that the statute was not complied with, and the deed is inoperative.

The marriage took place in 1850; the wife was seized in fee of the lands at the time of the marriage, and there were children of the marriage born alive.   Hence the husband has a life estate in the lands as tenant by the courtesy *initiate*.   He could not, however, sell or lease it for the term of his life, or for any less term of years, without the consent of his wife, to be made effectual by deed executed in the same manner as deeds are required to be executed by married women to pass title to their real estate. Nor could any such interest of his be subject to sale to satisfy any execution obtained against him.   Rev. Code., ch. 56, §1; *Williams* v. *Lanier*, Busb., 30; *Houston* v. *Brown*, 7 Jones, 161; *Wilson* v. *Arentz*, 70 N. C., 670.

While the husband is thus tenant by the courtesy, he had no power to convey his life estate as tenant by the courtesy *initiate*, and therefore, the deed as to him is inoperative, as well as to the wife.

It thus appears that the husband has an interest in the land in question, and he ought, therefore, to be joined as party plaintiff with his wife in this action.   It seems that the counsel for the plaintiff so thought, for it is stated in the complaint that the " husband, for reasons personal to himself, refused to join as plaintiff in this cause."   Nevertheless, he is a necessary party and must be made such before there can be a judgment upon the merits of the action.   Where it appears in an action that a person not a party to it had a direct interest in the subject matter of litigation, the court will not proceed to judgment until such person be made a party.   And where the husband ought to join the wife in an action and refuses to do so, and likewise, where it appears that he has an interest in the subject matter of litigation, and is on that account a necessary party, he must be

made such before the court will give judgment upon the merits of the action. This is upon the principle that the court will make all necessary parties, and do whatever else that may be proper and essential to perfect its jurisdiction of the action and make its judgment effectual as to the subject matter in dispute.

Ordinarily, when a married woman brings an action, her husband must be joined with her, except " when the action concerns her separate property," or " when the action is between herself and her husband." THE CODE, §178. But if for any cause he will not join his wife in the assertion of her rights by action, and give that aid and protection that he ought to do as husband, or, if he is a necessary party to a complete determination or settlement of the questions involved in the action, and his refusal to join in the action appears, as it must do by proper averment, then he may be made a party defendant. If this were not so, the husband might by his refusal to join the wife in a proper action deprive her of all legal remedies. This the law will not tolerate. The husband ought to be the protector and helper of the wife, and if he will not be voluntarily, the law will compel him in all proper cases to do his duty, by bringing him into the action as a defendant. This is so upon general principles, as well as by statute. The statute provides in the broadest and most comprehensive terms for making parties to actions, and embraces cases like the present. THE CODE, §§184, 185. Here, the husband is " a necessary party to a complete determination or settlement of the questions involved in the action." He ought, as husband, to join as party plaintiff, but he will not. In such a case, he may be made a defendant. The provisions of the two last cited sections are general, and embrace and apply to all cases touching which special provision as to parties has been made by THE CODE.

There is no reason founded in principle or policy, why a husband should be allowed, by reason of his relation as husband, for one cause or another, to deprive the wife of the remedies allowed by law. It would be singular indeed, if a wife, entitled

to the possession and enjoyment of valuable real estate, in which the husband has some interest, could not assert her right by action, because her husband refused to join her in it. Such is not the law, and if he will not join her, she may bring him in as defendant for all legitimate purposes.

We do not undertake to decide, at this time, what are the rights of the wife in respect to the lands in dispute. It will be proper to do so only when the husband is before the court.

As the husband was not made a party, and is necessary as a party, the judgment must be set aside, and a new trial awarded, to the end the husband may be made a party if the plaintiff shall so determine, and the action may be disposed of according to law. Judgment accordingly. Let this be certified.

Error.                                          *Venire de novo.*