MARGARET A. BARNES v. SAMUEL W. BARNES and PHILLIP SOWERS.

*Trust—Trustee—Deed, Construction of—Husband and Wife— Parties—Pleading—Relief.*

1. If it is desired to attack a deed between husband and wife, upon the ground that it was executed in contemplation of a separation, that allegation must be duly made in the pleadings.

2. B., the husband, conveyed a tract of land to S., in trust " to allow the said B. and M. his wife to have the rents, &c., for their own use ; and further, that out of said rents, &c., to support the said M. in such manner as she has heretofore lived," &c.: *Held*—(1) that the wife could, in her name alone, maintain an action against the trustee and the husband to compel a performance of the trust, especially as it was evident the husband refused to be associated with her, and it was probable the plaintiff might be entitled to some relief against him; (2) that it was the duty of the trustee, he having signed the deed, to take charge of the land conveyed and collect the incomes, and first appropriate so much (all, if necessary) as was required to the support of the wife in the manner provided—the primary object of the trust being to maintain her; and (3)

that the wife could not compel the trustee to account for a failure to collect the incomes for *past* years, as the deed provided for an annual current appropriation, unless she had contracted with third parties obligations necessary for her support, and had expressly charged them upon the income for their respective years.

3. In an action equitable in its nature, the Court may give such relief as the facts and pleadings may render appropriate, though it be not prayed in the complaint, and it may, to that end, order the pleadings to be reformed, to correspond with the facts established.

This is an Appeal from September Term, 1889, of DAVIDSON Superior Court, *Merrimon, J.,* presiding.

The following is so much of the case stated on appeal as it is deemed necessary to report:

" Upon reading the pleadings, and the introduction of the deed in trust attached to the complaint, his Honor intimated an' opinion that, according to the complaint itself, and a proper construction of the trust deed, the plaintiff had no cause of action against the trustee, Sowers.

"It appeared in evidence that, at the time the deed in trust was written by the late J. M. McCorkle, the plaintiff was living with her son-in-law, Swicegood, apart from Samuel W. Barnes, her husband; that she had instituted proceedings for divorce and alimony in Davidson Superior Court; that after the deed was executed, the case was discontinued without any decree for separation, and that she continued to live with her daughter until the present time, except for a short time when she staid with a brother in Davie County; that she has, during this time, been dependent upon others for a support; that twice after the execution of the trust, and within a year or two after its execution, she called upon defendant Sowers and asked for help from the farm; that at one time, according to Mr. Swicegood, Sowers said, 'Yes, it is my business to haul you the grain, but I will have to be paid from the farm.' There was evidence tending to show that at one time the plaintiff was notified by Barnes

not to come to see her son, who lived with Barnes. On another occasion, she sent her son-in-law to Barnes to ask for grain from the farm, and he, Barnes, refused to send her any unless the plaintiff, her daughter, her daughter's husband and her brother in Davie County, would all sign a receipt. It was not insisted on the part of the defendants that she had ever received anything (defendant testified that, eleven years ago, he had placed in the kitchen at home a sack of flour and meal for her to send for, and that both sacks had been standing where he placed them ever since), or that defendant Sowers had offered to interpose and collect rent for her benefit from Barnes, who occupied the farm.

"It was alleged by Sowers that, at the time the trust was executed, Barnes and wife had agreed that Barnes should remain in possession and control of the premises, and that plaintiff should send to him for her part of the rents. The plaintiff offered evidence in contradiction of this. . It was in evidence that the plaintiff was old, that she had been sick much of her time, and was now unable to attend Court."

The following are the material parts of the deed of trust mentioned :

"WHEREAS, Differences exist between Samuel W. Barnes and his wife Margaret A. Barnes ; and whereas, they are anxious and desirous to adjust such differences and to provide an adequate and' sufficient support for Margaret A. Barnes, this indenture therefore witnesseth that, for and in consideration of the premises, together with the further consideration of one dollar in hand paid to the said Samuel W. Barnes by Philip Sowers, the receipt of which is hereby acknowledged, the said Samuel W. Barnes, has this day bargained, granted and sold, and by these presents doth hereby convey unto the said Philip Sowers, the following tract of land to-wit, lying and being in the County of Davidson and

bounded as follows, &c., &c., *to have and to hold to the said Philip Sowers, to the following uses and none other : That the said Sowers shall hold the said lands and to allow the said Samuel W. Barnes and Margaret A. Barnes to have the rents and profits thereof for their own use and behoof ; and further, that out of the said rents and profits to support the said Margaret Barnes, in such a manner as she has heretofore lived, and after the death of the said Samuel W. Barnes and Margaret A. Barnes, the said Philip Sowers shall convey unto,"* &c., &c.

The plaintiff moved for judgment upon the verdict. Motion denied, and on motion of defendants, the action was dismissed, from which judgment the plaintiff appealed.

*Mr. M. H. Pinnix*, for plaintiff.
*Mr. F. C. Robbins*, for defendants.

MERRIMON, C. J.—after stating the case: No question was raised by the pleadings, or on the trial in the Court below, so far as appears, as to the validity of the deed of trust in question. It was suggested, but not pressed, on the. argument in this Court, that it was invalid, upon the ground that it was made in contemplation of a separation of husband and wife, parties to it, and with that view. If this is so—and there exists substantial ground for the contention— the deed should be put in question, in that aspect of it, by a proper pleading. We cannot, upon the face of it, see and determine that it is or is not invalid for the cause suggested. For the present purpose and as it appears, we must treat and interpret it as a valid deed for the chief purpose specified in it, if such purpose is sufficiently expressed.

Generally and ordinarily, when a married woman brings an action, her husband must join with her in it, except "when the action concerns her separate property," or "when the action is between herself and her husband." *The Code,*

§ 178.   But, if he will not join her, as he ought to do, she may make him a party defendant, if need be.   *McGlennery* v. *Miller*, 90 N. C., 215.

In this case, it appears with sufficient certainty that the husband will not join his wife, the plaintiff   Indeed, he is hostile to her alleged rights and the remedy by which she seeks to assert the same; and, moreover, it may turn out that she is entitled to some measure of redress as against him in connection with his co-defendant, so that the action coul l not be dismissed upon the ground that the husband did not join in it with his wife.

We are clearly of opinion that the action, as it appears to us from the record proper and the case stated on appeal, should not have been dismissed.   The plaintiff alleges the deed—the chief purpose of it to provide a support for herself—that the defendant trustee and his co-defendant have wholly neglected and refused to supply her reasonable wants and a support out of the rents and profits of the land; that the trustee has wholly neglected, at all times, to execute the trust; that she is seventy years old, poor, sick and infirm, and has had, for years, to rely upon the bounty of her kinsfolk for such support as she has had; that she has demanded of the trustee that he execute the trust; that he has always refused and neglected to do so, to her great injury; that the rents and profits of the land are equal to three hundred dollars per annum, &c.

The defendants admit some of the material allegations and deny others, and, particularly, the defendant trustee denies that he is such in any active or responsible sense, &c., &c., and alleges that his co-defendant has had possession of the land and received the rents and profits thereof, &c., &c.

The pleadings, taken in connection with the deed, make a case in which the plaintiff is surely entitled to some relief, and she is entitled to assert her rights in this action.

Although a judgment at law for half the rents and profits of each year since the deed was executed is formally demanded in the complaint, general relief is also demanded, and the facts alleged, if, indeed, they are such, entitle the plaintiff to equitable relief.

The action is both legal and equitable in its nature and purpose, and the Court can proceed therein to compel the defendants to a due execution of the trust, and direct an account of the rents and profits of the land, and make all other necessary inquiries and directions to that end.

The allegations of the complaint are not so definite in all respects as they might and should be; still the Court can see the scope of the plaintiff's cause of action, and it may, if need be, require the allegations to be made more precise and direct.

If the complaint alleges a cause, or causes, of action at law, the plaintiff will be entitled only to one judgment at law, but when it alleges sufficiently a cause of action equitable in its nature, it will give such relief as the plaintiff may be entitled to have—indeed, the Court will, in a proper case, administer the principles, both of law and equity, in the same action. It seems that the defendants have misunderstood the nature, purpose and importance of the deed now to be interpreted, else they have wilfully been derelict in the discharge of what it made a plain duty on the part of the trustee. It is recited in the preamble of the deed that its purpose is to adjust differences, and " to provide an adequate and sufficient support for" the plaintiff. " This was the leading, chief purpose of it. To that end, the land was conveyed to the defendant trustee, *to have and to hold the same* "to the following uses, and none other: That the said Sowers (the trustee) shall hold the said land, and to allow the said Samuel W. Barnes, and Margaret A. Barnes (the plaintiff) to have the rents and profits thereof for their own use and behoof; and *further*, that out of the said rents

and profits *to support* the said Margaret Barnes in such manner as she has heretofore lived," &c.

The defendant trustee signed this deed, and thus accepted the trust, and became chargeable with it, according to its true intent and meaning. This signing, on his part, was not a mere meaningless ceremony; it was important, and imported that he accepted the title to the land charged with the trust—he was to have and to hold it for the specified uses—to-wit, particularly *to allow* his co-defendant and the plaintiff to have the rents and profits thereof for their own use and benefit, but with the further express provision, as to the wife, "that out of the said rents and profits to support the said Margaret Barnes (the plaintiff) in such manner as she has heretofore lived," &c.—that is, out of such rents and profits she was to have such support, if they were adequate for that purpose, though it might take the whole. This must be so, else this *further* provision is meaningless. That this interpretation is correct, is the more manifest because it harmonizes with the recital in the preamble of the deed, which declares that the purpose of the latter is "to provide an adequate and sufficient support for" the plaintiff. The clear purpose was to provide for her such support as she had, before the execution of the deed, been accustomed to have, and that she should have, devoted to that purpose, so much of the rents and profits of the land as might be necessary. The surplus was intended for the husband. The deed does not provide that the plaintiff shall have one-half, one-third, or any definite part, of the rents and profits, or accumulations therefrom, but current "adequate and sufficient support."

What this is will depend on what she has, what she reasonably needs, her health, necessary incidental expenses, living in the like sphere and condition as she did before the provision was made for her. The plaintiff alleges that the defend-

ant trustee has never allowed her such, or any, support out of the rents and profits of the land, and that she is entitled to have " her share" of the same, accumulated from year to year, ever after the date of the deed.  We do not think so, because the purpose was to provide for her *current support*, and she neglected to enforce her rights, as she might have done from time to time through the Courts.  *Gray* v. *West*, 93 N. C., 442.

If, however, in good faith, she contracted, in any one or more years, debts for her support, which debts she made a charge upon the rents and profits of the land of the year in which the debts were respectively so created, she would be entitled to have such debts paid by the defendant trustee, if the rents and profits of such year were adequate for that purpose.  But persons who made her gifts, or entertained her gratuitously, could not now be allowed to make charges against her on such account, and have the same paid as indicated above.

The effect of the deed was to give the defendant trustee control of the land embraced by it, and it charged him to let the same and see that it yielded rents and profits, and to allow the plaintiff to have the same for her support, as indicated above.  He might have allowed his co-defendant, if he were responsible, to occupy and cultivate the land, as it seems he did do, but he should have required him to account annually for the rents and profits thereof, and devote so much of the same as might be necessary, under the deed, to the support of the plaintiff. .

It may be that he can still compel him to such account, and possibly in this action.  But, as to all this he will be advised by counsel.

Treating the deed as valid, and interpreting it as we have done, upon the pleadings, the Court, we think, should have directed an account of the rents and profits of the land of the current year to be taken—an ascertainment of what part

thereof is necessary for the plaintiff's support for that year, and what debts are outstanding against her for her support since the date of the deed, as indicated in this opinion, and report of the whole to be made, and on the coming in of the report, in the absence of valid exceptions thereto, it should have given judgment directing the rents and profits, or the value thereof, to be paid to the plaintiff, and such debt created for her support to be paid, &c.

The judgment dismissing the action must be set aside, and further proceedings had therein substantially as indicated in this opinion, unless and except that, if the Court shall see fit in its discretion to allow any proper amendments of the pleadings, in that case it shall dispose of the action upon its merits, as they appear in the course of its further progress.

To that end, let this opinion be certified to the Superior Court.

Error.