## NANCY KIDD v. JOSHUA VENABLE.

*Submission to the Court—Probate—Privy Examination—Deeds of Minors—Exceptions.*

1. When the Court to whom was submitted the case by the parties found as a fact that a probate sought to be impeached was sufficient in form, and there was no exception, he is precluded from having the point considered in this Court.

2. The probate being found sufficient in form, it will be presumed to have been taken by a Justice of the Peace duly authorized by statute, though this fact does not distinctly appear on the probate; and it only appeared that two *persons* were appointed by the Court for the purpose of taking it, and that upon their report the instrument was ordered to be recorded.

3. A deed admitted to probate in 1835 was executed according to the statute of 1751, and the wife, who was a minor, could make a valid conveyance.

4. The probate then had the effect of a fine and recovery; but the statute has been since amended.

ACTION to recover land, tried at Spring Term, 1892, of Surry Superior Court, before *Armfield, J.*

A jury trial was waived, and the Court found the following facts: On __ day of May, 1835, the plaintiff was the owner of the land in controversy, and was at the time a *feme covert* and a minor, being eighteen years of age. On __ day of May, 1835, the plaintiff, with her husband, executed to John Venable, under whom the defendant claims, a deed to the land, which was regular in form. The deed was offered for probate in the following form:

"May Term of Surry County Superior Court. Ordered by the Court that H. C. Poindexter and R. C. Puryear be appointed to take the private examination of Nancy Kidd in relation to a deed made to John Venable.

(Signed)              B. VESTAL,

*Chairman County Court.*

Agreeable to the above order we have taken the private examination of Nancy Kidd, relative to her signature to a deed made by her to John Venable, who acknowledged the same of her own free will without control of her husband.

(Signed)              H. P. POINDEXTER,

B. C. PURYEAR.

Surry County, May Term, 1835. The execution of the within deed as to Allen Kidd was duly acknowledged in open Court and ordered to be registered.

(Signed)              T. K. ARMSTRONG, *Clerk.*"

His Honor held that said probate was sufficient in form, to which the plaintiff did not except. The Court further found that at the time of the execution and probate of said deed the plaintiff was an infant eighteen years of age, and remained under coverture until within two years from the commencement of this action in 1880.

His Honor held that the probate as aforesaid was not con-clusive and could be collaterally attacked, and that the plaintiff could avoid her deed on account of her infancy at the time of the execution and probate thereof, and thereupon gave judgment for the plaintiff. The defendant excepted and appealed.

*Mr. C. B. Watson,* for plaintiff.
*Mr. R. B. Glenn,* for defendant

MacRae, J.: It appears from the statement of the case on appeal, that no exception was taken to the ruling of His Honor that the probate of the deed was sufficient in form. We would be precluded from entertaining an exception here which was not made below, except upon a question of juris-diction or because the complaint does not state a cause of action. Rule 27, and cases cited thereunder; Clark's Code, page 696. As it was earnestly argued before us, however, by the learned counsel for the appellee, that the certificate of probate was insufficient to authorize the registration of the deed, because it does not appear therein that the persons who took the privy examination were members of the Court, as required by the Act of 1751, the statute then in force, and therefore that the probate and registration are void, we will say that the probate being sufficient in form, the maxim *presumunter rite esse acta* will support the inference that they were members of the Court.

The case of *Etheridge* v. *Ashbee,* 9 Ired., 353, relied on by the appellee, we think is not in point; for there it was not certified by the Justice appointed for the purpose that the *feme covert* grantor was privately examined by him, but sim-ply that she, in open Court, acknowledged, &c ; and the order of the Court, based on the certificates, was inconsistent with the same in several respects.

In the case before us it appears that two persons were appointed by the Court to take the private examination of the wife; that they reported that they had taken such private examination, and that she acknowledged the same of her own free will, without control of her husband; the acknowledgment of the husband was made in open Court, and the deed was ordered to be registered—the whole proceeding being one continuous transaction.

It was held in *Beckwith* v. *Lamb*, 13 Ired, 400, that the fact that the acknowledgment was made upon the private examination which he was appointed to take was not necessary to be set forth with "certainty to a certain intent in every particular, so as to exclude any inference to the contrary, which might by possibility be imagined, but that the fact that he acted in the presence of the Court, reported the acknowledgment, and the Court acted upon it and ordered the deed to be registered, afforded an inference of the regularity of the proceeding irresistible, unless we adopt the conclusion that the County Courts are wholly unfit for the business which by law is confided to them."

In *Etheridge* v. *Ferebee*, 9 Ired., 312, it is said: "A deed is acknowledged by husband and wife in open Court, two Justices of the Peace thereupon take the privy examination and report to the Court, and the Court acts upon the report; the inference is that the two Justices were members of the Court appointed for that purpose." In the same case, the objection that it did not appear that, upon such private examination, she doth voluntarily assent thereto, is also disposed of.

It must be remembered that at the time of the execution of the deed we are now considering, the act of Assembly gave no form in which the certificate of the report of the privy examination is to be made, as it does now by section 1246 of *The Code*.

The inference, then, is that the persons appointed to conduct the privy examination were members of the Court as required by statute, for the Court appoints them, receives their report, acts upon it and orders the deed to be registered. It was further said in the case last cited, and we adopt it as applicable hereto, that " this Court has every disposition, by fair construction, to sustain the deeds of _femes covert_, and does not feel it to be a duty to become astute in detecting informalities or irregularities whereby to avoid such deeds and throw the loss on innocent purchasers." See, also, _Robbins_ v. _Harris_, 96 N. C., 557. The case of _McGlennery_ v. _Miller_, 90 N. C., 215, and those of _Burgess_ v. _Wilson_, 2 Dev., 306, and _Malloy_ v. _Bruden_, 88 N. C., 305, were, upon a construction of the tenth and eleventh sections of chapter 37 of the Revised Statutes, where the wife could not come into Court, and by expressions in the opinions in those cases which would indicate a greater strictness in the construction of section 9 of the same act, are controlled by the direct interpretation placed upon said section, in the cases we have cited in support of our conclusions.

This brings us to the second point : Whether the plaintiff can avoid this deed upon the ground that she was an infant at the time of its execution ?

The deed was executed and admitted to probate in May, 1835. The statute then in force was the Act of 1751 (1 Potter's Revisal, 185, afterwards amended and brought forward into the Revised Statutes, ch. 37, sec. 9), which prescribes the manner of execution of deed, probate and privy examination of the wife, and registration, and that when so executed, etc., according to law, they "shall be as valid in law to convey all the estate and title which such wife may or shall have in any lands, tenements or hereditaments so conveyed  *  *  *  as if done by _fine and recovery_, or any other ways and means whatsoever."

The same question has been fully discussed by Mr. Justice BYNUM in *Wright* v. *Player*, 72 N. C., 94, in which he explains the force and effect of a fine and recovery, and reaches the conclusion that " it seems clear that if this conveyance had been by fine and recovery at common law, it could not have been reversed except by writ of error, and *that* during the minority of the infant   This being so, the only difficulty is removed, for the statute here steps in and enacts that all deeds executed, as this was, shall have the force and effect of a fine and recovery."

The statute, now section 1256 of *The Code,* as did section 8, of chapter 37 of the Revised Code, omits the words " as if done by fine and recovery," etc.   And the deed and privy examination of a *feme covert,* made and taken since the enactment of the Revised Code, have no longer the effect of an assurance of record, like a fine, but may be collaterally impeached on the ground of infancy or other disability.

His Honor evidently did not advert to the fact that this deed and privy examination were while the Act of 1751 was still in force.

There is error.   Judgment reversed, and judgment should be entered in the Court below for the defendant.

Error.