FLORENCE C. HARRIS v. DAVID A. JENKINS, Public Treasurer.

A *feme covert* cannot convey her property without the written assent of her husband.

Where a *feme covert* executed a bond, without such assent and judgment was obtained thereon, and her property levied on: *Held*, that the execution of an instrument by the husband, for the purpose of postponing the sale of the property, was not a ratification of the bond executed by the wife, and did not obviate the necessity, of his written assent.

(*Frazer* v. *Brownlow*, 3 Ired. Eq. 237; *Harriss* v. *Harriss*, 7 Ired. Eq. 111; *Draper* v. *Jordan*, 5 Jones Eq, 175; *Withers* v. *Sparrow*, 66 N. C. Rep. 538; *Kerns* v, *Peeler*, 4 Jones, 226; *Gray* v. *Matthis*, 7 Jones 502, cited and approved.)

This was a MOTION to set aside a judgment, before *Henry, J.*, at Fall Term, 1874, of WAKE Superior Court.

The material facts in the case are as follows: The plaintiff, Florence C. Harris, on the 1st day of September, 1873, signed a bond, conditioned for the payment of $45,000 (dollars),

whereby she became a surety for the collection of taxes by one T. F. Lee, then Tax Collector of Wake county. At the time of signing said bound, plaintiff was and still is a married woman. Plaintiff signed the bond without the written assent of her husband.

At January Term, 1874, of the Superior Court of Wake county, a judgment was rendered against the plaintiff, and others who executed the bond.

Execution issued on said judgment on the 18th day of May, 1874. On the 29th day of September, an affidavit and complaint were filed in the office of the Clerk of the Superior Court praying, a restraining order against the defendant and that the judgment might be annulled as to plaintiff.

The case was heard before Henry, J., at Chambers, on the 29th of September, 1874. The restraining order was granted, and the defendant ordered to appear at next term of Wake Superior Court and show cause, why the motion of the plaintiff should not be allowed.

The motion was heard at Fall Term, 1874, upon affidavits, and the judgment annulled as to plaintiff.

From this judgment the defendant appealed.

The grounds of appeal are sufficiently set forth in the opinion of the Court.

*Attorney-General Hargrove* and *Smith & Strong*, for the appellant.
*E. G. Haywood* and *Batchelor*, contra.

RODMAN, J. This is an action in which the plaintiff seeks to vacate and set aside an execution levied on her real estate, which issued upon a judgment obtained against her, in the name of the State on the relation of the defendant as Public Treasurer. The judgment was obtained upon a bond made by one Lee as Sheriff, for the collection &c., of the public taxes, which she and others also, executed as the sureties of said Lee, she having been at the execution of said bond, and still being, a married woman.

It is clear, of course, that at Common Law, the bond of a married woman was absolutely void. If a married woman owned separate property, she was allowed in Equity to contract and bind that property. The Courts of different States differ somewhat in their view of her powers in such cases. In this State, it has been held that she could make a valid contract, to bind her separate estate in law, only with consent of her trustees. *Frazer* v. *Brownlow*, 3 Ired. Eq., 237; *Harris* v. *Harris*, 7. Ired., Eq. 112; *Draper* v. *Jordan*, 5 Jones, Eq. 175; *Withers* v. *Sparrow*, 66 N. C. Rep. 538.

The Constitution of 1868, Art. X, sec. 6, gives to a married woman a sole and separate estate in all her property, real and personal, and it enacts that such property, *with the written consent of her husband* may be conveyed by her as if she were unmarried. The Act of 1871-'72, chap. 193, sec. 17, enacts, that no woman during her coverture, shall be capable of making any contract to affect her real or personal estate (except in certain cases, of which this is not one) without the written consent of her husband, unless she be a free trader.

By the express language of this Act, the bond in question is void as to the plaintiff, and we think it would have been so without the Act under the Constitution, and the authorities above cited.

It is contended, however, that the original defect was subsequently cured, and that J. C. L. Harris, the husband of the plaintiff, ratified and thereby made valid the execution of the bond of her.

The facts bearing on that point are these. After judgment had been obtained on the bond, and after execution had been levied on the land of the plaintiff, all the defendants in the judgment (with the exception of the plaintiff), and also the said J. C. L. Harris, the husband of the plaintiff, who was not a party to the judgment, signed a writing to the effect, that if the sheriff would postpone the sale of the property then levied on, until the first Monday of the ensuing October, they would waive, advertisement notice, homestead and personal property

exemption, and if the judgment was not paid before the same day in October, the sheriff might then sell the property. To this paper the name of the plaintiff was also signed by her said husband without her knowledge or consent.

1. The instrument does not purport to ratify on the part of the husband, the previous execution of the bond by his wife. It was given merely with the intent to procure a postponement of the threatened sale.

2. The doctrine of ratification as between principal and agent does not apply in this case. Mrs. Harris did not profess, in executing the bond, to have acted as agent of the husband. She was acting in her own independent right, although she acted when she had no power to act.

3. It seems to be established, that a conveyance by husband and wife of her lands, must be *jointly* executed, or at least both must concur in it at the time of its delivery. *Kearnes* v. *Peeler*, 4 Jones, 326 ; *Gray* v. *Matthis,* 7 Jones, 502. And the doctrine is equally applicable to the written assent, which the Act of 1870-'72 requires, to the contract of a married woman. The assent of the wife and that of the husband, to her contract, must at some moment *co-exist.*

For these reasons, we think the instrument referred to, did not validate the bond as to the plaintiff.

Judgment below affirmed.

PER CURIAM.                    Judgment affirmed.