T. J. FERGUSON, Gd'n, v. WILLIAM KINSLAND et al.

### Deeds—Execution of, by Femes Covert.

1. Deeds conveying the lands of *femes covert*, must be jointly executed by both husband and wife, and the acknowledgment of the deed by the husband must precede the privy examination of the wife.

2. The Act of the Legislature requiring the joint execution of deeds by husband and wife in order to pass the title to the lands of the wife, is not opposed to the constitutional provision which secures to the wife all of her property, and allows her to convey her lands, with her husband's written consent, as if she were unmarried. It is a legislative direction as to the manner in which this power must be exercised.

3. So where a *feme covert* executed a deed for her land without the joinder of her husband, who, however, at the time of the execution of the deed, executed a separate paper giving his consent to the execution of the deed by his wife, but this paper was not proved or registered until after the deed from the wife; *Held*, that the deed was invalid and did not convey the land to the grantee.

(*McGlennery* v. *Miller*, 90 N. C., 216, cited and approved).

CIVIL ACTION, tried before *Gilmer, Judge*, and a jury, at Spring Term, 1885, of the Superior Court of HAYWOOD county.

In deducing title to the land in controversy in the action, the plaintiffs exhibited in evidence a deed for the premises executed on September 8th, 1875, to their immediate ancestor, E. R. Ferguson, by Laura L. Chambers and J. A. Dotson and wife, L. C. Dotson. The said Laura L. was then a married woman, whose husband, Joseph Chambers, did not join in the deed, nor is his name mentioned in the body of it, but he gave his assent to the act of the said Laura L. by a contemporaneous execution of a writing in these words: "Joseph Chambers, husband of L. L. Chambers, the party to the above deed of conveyance from her to E. R. Ferguson, hereby consents and agrees to the execution of the same by her. Witness my hand and seal this 8th day of September, 1875.

His
"JOSEPH + CHAMBERS, [Seal].
mark.

"Attest: A. J. Fincher."

22

The same subscribing witness and another attest the execution of the deed.

The deed being exhibited before the clerk, acting in his capacity of Probate Judge, on June 6th, 1876, he issued a commission to one A. J. Davis, a justice of the peace, directing him to take the privy examination of the *femes covert*, L. C. Dotson and Laura L. Chambers, touching their voluntary execution of the deed, to which he made return as follows: "Personally appeared before me, A. J. Davis, justice of the peace of Haywood county, L. C. Dotson and L. L. Chambers, wives of J. A. Dotson and Joseph Chambers, and acknowledged the due execution of the deed of conveyance; and the said L. C. Dotson and L. L. Chambers, being by me privily examined, separate and apart from their said husbands, touching their voluntary execution of the same, do state that they signed the same freely and voluntarily, without fear or compulsion from their said husbands, or any other person, and that they do still voluntarily assent thereto.

"Witness my hand and seal, this 24th day of June, A. D., 1876.

           A. J. DAVIS, J. P.    [Seal.]"

Upon this report, the probate was adjudged sufficient and the deed ordered to be registered, and it was accordingly registered with the probate.

The instrument giving the husband's assent and bearing his signature and seal, was proved on April 13th, 1885, by the subscribing witness, A. J. Fincher, before the succeeding clerk, J. K. Boone, and upon his adjudication and order admitted to registration.

Upon the trial the Court ruled that the deed and accompanying written consent, by reason of the non-joinder of the husband, was insufficient to divest and pass the estate of the said Laura L. in the land, and the plaintiffs thereupon submitted to a non-suit and appealed.

Mr. *Geo. A. Shuford,* for the plaintiff.
Mr. *Theo. F. Davidson,* for the defendants.

SMITH, C. J., (after stating the facts). The Code of Civil Procedure provides that every conveyance, power of attorney or other instrument affecting the estate, right or title of any married woman in lands, tenements or hereditaments, *must be jointly executed by such married woman with her husband,* and due proof or acknowledgment thereof must be made as to the husband, &c. §429, par. 6.

The same words are contained in the amendatory act of 1869, ch. 279, §429, followed by a clause extending the jurisdiction, before only exercised by the Probate Judge of the county wherein the real estate is situated, to the same officer in every county. Substantially the same provisions will be found in the Revised Statutes, ch. 37, §9, and in the Revised Code, ch. 37, §8, all of which, in positive terms, *require* the joint execution of the deed by the husband and wife in order to transfer her estate in land.

The only point made by the appellant's counsel, is that the constitution, Art. 10, §6, which secures to a married woman all the property acquired previous to and since her marriage, as her sole and separate estate, free from her husband's debts, and confers upon her power to devise and bequeath, and, with her husband's written consent, to convey it, as if she were unmarried, sanctions this mode. But it is for the General Assembly to provide the method by which this right may be exercised, as it has done heretofore when her real estate was not less her own, and when she was permitted to convey it only by observing a prescribed form. The requirement that the husband should execute the same deed with his wife, was to afford her his protection against the wiles and insidious arts of others, while her separate and private examination was to secure her against coercion and undue influence from him. These have been deemed prudent safe-guards to insure freedom of volition and action on her part when she is disposing of her real property, and these are none the less necessary now, when she retains her full real and personal estate. The statute in force when the deed was made,

comprehends her sole and separate estate in land, retained under the Constitution, as well as that she held before, after entering into the marriage relation. It no more abridges her rights of property, and is but a legislative direction as to the manner in which it may be exercised. The consent necessary under the Constitution, must be given in the manner provided by law, and whether by the husband's writing in the deed, or by a separate writing as attempted here, it equally restricts her capacity of disposal, and is alike exposed to the imputation of being in conflict with the Constitution.

While this legal experiment of departing from established forms and introducing new methods of alienation for *femes covert*, fails of its intended object, the manner of probate is not less at variance with the law. The execution by the husband is an indispensable preliminary to the private examination, more especially when this is taken under a commission. Without further citations, we refer to a recent case for an authoritative declaration of the law, *McGlennery* v. *Miller*, 90 N. C., 216.

This was not done, perhaps could not be done, when the instruments are separate and disconnected. The *feme's* deed was registered in 1876; the husband's written assent in 1885, nine years later.

We concur in the ruling, that the deed was legally inoperative upon the estate of said Laura L., and the plaintiffs acquired no title to it thereby.

There is no error. Judgment affirmed. ·

No error.                                                    Affirmed.