G. W. SOUTHERLAND et al. v. HIRAM HUNTER et al.

*Deeds—Privy Examination of Femes Covert—Registration.*

1. A deed which conveys the estate of a married woman must be proved or acknowledged as to both husband and wife, before the private examination of the married woman is made, otherwise the deed will be inoperative to divest her estate.

2. The provisions of §1256 of The Code, which provides that the deed must be proven and acknowledged as to both husband and wife, before it can operate to convey the wife's land, is not in conflict with the constitutional provision which secures to the wife her entire estate, notwithstanding her coverture. §1826 of The Code, only has reference to executory contracts, but does not apply to conveyance or executed contracts.

3. Registration is not merely for the purpose of dispensing with proof of the execution of the instrument, but, like livery of seizin at common law, is a fundamental condition of the operation of the conveyance, and is an inseparable incident to the efficacy of the deed.

4. A deed for a *feme covert's* land, admitted to registration upon an improper and invalid probate, does not create an equitable estate in the grantee, for it is not, in law, the contract of the *feme* in any respect, until properly acknowledged and the private examination properly taken.

(*Ferguson* v. *Kinsland*, decided at this term; *Hogan* v. *Strayhorn*, 65 N. C., 279; *Ivey* v. *Granberry*, 66 N. C., 223; *Triplett* v. *Witherspoon*, 74 N. C., 475; *McMillan* v. *Edwards*, 85 N. C., 81; *Hale* v. *Jernigan*, 76 N. C., 471; *Phifer* v. *Barnhardt*, 88 N. C., 334; *Howell* v. *Ray*, 92 N. C., 510, cited and approved. *Carrier* v. *Hampton*, 11 Ired., 307, cited, distinguished and approved).

CIVIL ACTION for the recovery of land, tried before *Gudger*, *Judge*, and a jury, at Fall Term, 1885, of MADISON Superior Court.

It was conceded at the trial that the plaintiff Sarah A. E. Southerland acquired the estate in the land described in the complaint, under a deed made on February 6th, 1864, by Philip Hunter to her, then a *feme sole*, and that subsequently to April 23rd, 1868, she became the wife of the plaintiff G. W. Southerland. The defence to the action rests upon an alleged conveyance of the plaintiffs to the defendant Hiram Hunter, executed on April 11th, 1868, and which was offered in evidence in support

of his title. This deed was admitted to registration upon a certificate of probate, bearing date April 12th, 1873, and issued from the office of the probate judge, in these words:

Personally appeared before me, D. F. Davis, probate judge, S. A. E. Southerland, who, being duly examined, separate and apart from her said husband, she, on such examination, declared that she executed the same without any influence on the part of her said husband, or any other person. Therefore it is ordered and adjudged that the said deed and this certificate be registered. This the 12th day of April, A. D. 1873.

D. F. DAVIS, <em>Probate Judge.</em>

The plaintiffs objected to the introduction of the deed upon the ground of an insufficient probate and registration under the statute. The Court thereupon allowed the attesting witness to the deed, and others, to be examined in proof of execution, and upon such proof, the deed to be read to the jury, who were instructed that the instrument did give the husband's assent to the action of his wife, and was legally effectual to transfer her estate to the grantee.

The jury returned a verdict for the defendants and from the judgment thereon the plaintiffs appeal, and bring up for review the correctness of the ruling in reference to the deed.

<em>Messrs. McElroy & Morphew,</em> for the plaintiffs.
<em>Mr. Theo. F. Davidson,</em> for the defendants.

SMITH, C. J., (after stating the facts). We have at the present term, decided in the case of <em>Ferguson v. Kinsland,</em> not only that the deed which conveys the estate of a married woman, must be executed by both, but it must be proved to have been executed by the husband, or must have been acknowledged by him according to the act of 1869, which governs this attempted probate, or proved or acknowledged as to both parties, under the act now in force, The Code, §1256, before the private examination

of the wife is had. This has long been the settled law, and still remains, that the proof or acknowledgment of execution by one or both, must precede the examination in reference to the volition and freedom of the wife, or the act or deed will be ineffectual to divest her estate; nor is this enactment in conflict with the constitutional provision that secures to the wife her entire estate notwithstanding her marriage.

The section in The Code, 1826, to which we are referred in the brief of defendants' counsel, has reference only to *executory contracts* and the obligation they create, but is not applicable to conveyances or *executed contracts*, which are provided for elsewhere.

Nor is the position tenable that registration is only necessary in dispensing with other proof of execution, and admitting the original or a copy in evidence, when the deed upon *ex parte* probate has been transcribed upon the registry.

It is a substitute for livery of seizin, a fundamental condition in the operation of conveyances at common law, as explained by the late Chief Justice in *Hogan* v. *Strayhorn*, 65 N. C., 279, and is now held as an inseparable incident to the efficacy of the deed itself. *Ivey* v. *Granberry*, 66 N. C., 223; *Triplett* v. *Witherspoon*, 74 N. C., 475; *McMillan* v. *Edwards*, 85 N. C., 81; *Hale* v. *Jernigan*, 76 N. C., 471; *Phifer* v. *Barnhardt*, 88 N. C., 334.

The case of *Carrier* v. *Hampton*, 11 Ired., 307, is not in conflict with these adjudications, for it merely decides that a deed incapable of being proved under the law as it then existed, so as to be spread upon the registry and render a copy admissible in evidence, might be registered upon proof competent at common law, and not being in the purview of the statute, it must again be proved on the trial. The principle involved, is discussed and explained in *Howell* v. *Ray*, 92 N. C., 510, and we are content with a reference to it.

It has occurred to us, that perhaps the defence may be put upon the ground that the deed, without registration, like an exe-

cutory contract to convey, may create an equitable estate in the defendant, which will equally obstruct the plaintiffs' recovery of possession. But the suggestion is without force and unavailable to sustain the ruling. It is not in law the contract of the *feme* in any legal sense, until after the execution is proved or acknowledged, the private examination has taken place, and her voluntary *assent thus ascertained and declared*. Until then, it is no more her *executory* than it is her *executed contract*, and is not binding upon her as such. The statutory requirements as to one, are not those applicable to the other. Besides, the Judge erred in his ruling that the instrument was sufficiently proved to be competent evidence and divested the estate of the *feme* plaintiff in the land and transfer it to the defendant.

For this erroneous ruling the verdict must be set aside, and a *venire de novo* awarded, and it is so ordered. Let this be certified.

Error.                                                    Reversed.