J. W. LINEBERGER et al. v. F. A. TIDWELL et al.

*Deed, Execution and Probate—Privy Examination—Husband and Wife—Seal—Justice of the Peace—Statute—Issues.*

1. Under a general denial, it is competent to show that any deed relied upon by the adversary party to establish his title to land is invalid.

2. While the husband must join in the execution of a deed conveying the wife's land, and acknowledgment or proof of execution thereof by both must precede, in point of time, the privy examination of the wife, it is not necessary that the husband should actually sign at the same time as the wife, or in her presence; nor is it necessary that the proof or acknowledgment of the execution should be at the same time or before the same officer.

3. The omission by a Justice of the Peace to attach his seal to a certificate of the proof of execution of a deed and privy examination of the wife will not invalidate his action, otherwise regular. The statute, in respect to requiring him to attach a seal, is directory only.

4. The Supreme Court will not interfere with the discretion of the trial Judge in shaping and submitting issues, if it appears that an opportunity is given the parties to present their evidence and the law applicable thereon to the jury, and they were raised by the pleadings.

This is a CIVIL ACTION, which was brought to recover possession of land, tried at the August Term, 1889, of the Superior Court of CLEVELAND County, before *Connor, J.*

The plaintiffs alleged title in themselves, and wrongful possession and damage on the part of the defendants, in the usual form, and then averred more specifically that the defendants executed a mortgage deed to J. W. McMurray & Co. in 1887, conveying the land in dispute to secure the payment of a sum of money due, and, on their failure to perform the conditions, the land was sold, according to the terms of the deed, when plaintiffs became the purchasers, and said J. W. McMurray & Co. conveyed to them in the year 1888, before

this action was brought.   The defendants rely, in their answer, on the ground that, as they allege, the land was the separate property of the *feme* defendant, and that the mortgage deed to McMurray & Co., through which plaintiffs claim, was signed by her husband, the male defendant, without previous consultation with, or notice to, her, and that thereupon the Justice by whom the privy examination was taken, came to her house, leaving her husband in Shelby, several miles distant, and induced her to sign the mortgage deed, previously signed by her husband, and that she is an ignorant woman—cannot read or write—and did not understand that she was binding her land to pay her husband's debt, but thought she was only conveying crops for the year 1887.

The defendants tendered the following issues:

1. Was the land the separate property of the wife the *feme* defendant?

2. Was there a joint execution of the instrument by the husband and the wife before the prior examination of the wife was had?

3. Was there a joint acknowledgment of the instrument by the husband and the wife before the privy examination of the wife was taken?

4. Did the *feme* defendant ever sign, or execute, or acknowledge the execution, of the instrument in her husband's presence before her privy examination was taken?

5. Did the *feme* defendant ever give her voluntary assent to the instrument separate and apart from her husband?

The plaintiffs tendered the following issues:

1. Are the plaintiffs the owners of the land described in the complaint?

2. Are the defendants in the wrongful possession thereof?

3. What damage have plaintiffs sustained?

Which were submitted to the jury, and the defendants excepted.

The plaintiffs offered in evidence a note and mortgage deed, describing the land in controversy, from F. A. Tidwell and wife to J. J. McMurray & Co., dated January 12, 1887, with probate bearing same date, and recorded January 27, 1887.

The defendants objected, for that (1) there was no proper acknowledgment of the execution of the same; (2) that the certificate of probate by the Justice of the Peace had no seal to it—official or private; (3) that said mortgage was not entitled to registration.

The Court overruled the objection and admitted the mortgage. Defendants excepted.

It was admitted that the land conveyed in the mortgage and deed was the separate estate of the *feme* defendant.

The defendant F. A. TIDWELL, testified : " On the day the mortgage was executed I was in Shelby. My wife was at home. I had said nothing to her about the mortgage before leaving home that morning. I saw her next that evening about sundown. The land belonged to my wife. I owed McMurray & Co. the note. After signing the mortgage I acknowledged it, and gave it to Mr. Bostic and had him to go out and get' my wife to sign it if she would. I did not know whether she would sign it."

SARAH E. TIDWELL testified : " Mr. Bostic brought the mortgage to my home for me to sign. I thought that it was on the crop. No one was present except Mr. Bostic. My husband left home that morning. I did not know that it was a mortgage on my land. I cannot read or write. I had executed a former mortgage to Mr. Lineberger, but did not know what it was. Mr. Bostic read a part of the mortgage to me; did not read it all. I did not comprehend anything about it."

The plaintiff introduced J. T. BOSTIC, who testified: " I am the Justice of the Peace who took the examination of Mrs. Tidwell. Mr. Tidwell signed the mortgage in McMurray's

store in my presence. I wrote his name and he made his mark. He acknowledged it and told me to go out and get his wife to sign it. That he had told her all about it and it was all right. She was at home, two miles from town. I went there and told her that I had a mortgage that Mr. Tidwell wanted her to sign to Mr. McMurray ; it was for an amount that I named to her ; that it was on all of her land on her home place. I then read the mortgage over to her. She said that Mr. Tidwell had told her about it and that it was all right; that she wanted the debt paid. She signed it and I made the examination and put the certificate on it after I came back to town. I am satisfied that she understood what she was signing. I have taken her examination before. No one else was present."

Mrs. TIDWELL was recalled and testified : " I did not tell Mr. Bostic that my husband and I had a conversation about the mortgage, I had no such conversation."

The *feme* defendant requested the Court to instruct the jury that, upon the whole evidence, there had been no lawful execution of the mortgage.

The Court declined to do so, and instructed the jury that, " if they believed, upon the evidence, that the *feme* defendant at the time she signed the mortgage knew and understood what she was doing—what the mortgage contained, what land she was conveying, to whom and for what purpose she was conveying the land, and that the privy examination was taken as testified to by the Justice of the Peace—the mortgage was executed according to law, and they should find the first issue in the affirmative," to which the defendants excepted.

The certificate of the Justice of the Peace of the acknowledgment and privy examination, and order of probate by Clerk, and registration, were in due form.

There was a verdict as set out in the record and judgment accordingly, from which defendants appealed.

.  *Mr. M. H. Justice,* for the plaintiffs.
  *Mr. W. A. Hoke,* for the defendants.

  AVERY, J.—after stating the facts : The main purpose of the action is to establish the plaintiffs' title and right to present possession of the land in dispute. The general denial by the defendants raises, as usual, the issues of title, possession and damages. It is competent for a defendant to show, under the general issue as to ownership, that a deed relied on by the plaintiff to establish title is void, because it was executed in the face of a statute prohibiting its execution, or in such form or manner as amounts to a failure to comply with the mandatory requirements of the law. *Jones* v. *Cohen,* 82 N. C., 75; *Mobley* v. *Griffin* (decided at this term), " evidence impeaching an alleged title deed is always as competent as that sustaining it."

  This Court will impose no limit to the exercise of discretion on the part of the Judge below in settling the issues, except that they shall be raised by the pleadings, that the facts established by the responses to them shall constitute a lawful basis for the judgment, and that an appellant shall not be denied an opportunity to have the law applicable to any material portion of the testimony fairly presented and passed upon by the jury through the medium of some issue. *Emery* v. *Railroad,* 102 N. C., 225. The Judge had the right to settle the issues and submit those framed to the jury. In this case it does not appear that, at any subsequent stage of the trial, the defendants were deprived of the privilege of presenting any view of the law arising on the evidence by reason of the form of the issues.

  The title to land, that is, the separate property of a *feme covert,* cannot be divested out of her except by a deed to

which both husband and wife are parties, proved or acknowledged as provided by law as to both, or by a deed made by an attorney in fact in pursuance of a power of attorney, executed by both and proved in the same way. *The Code*, §§ 1256 and 1257 ; *Ferguson* v. *Kinsland*, 93 N. C., 339. " The requirement that the husband should execute the *same deed* with his wife was to ensure his protection against the wiles and insidious acts of others; while her separate and private examination was to secure her against coercion and undue influence from him." *Ferguson* v. *Kinsland, supra.* In *Southerland* v. *Hunter*, 93 N. C., 310, the late Chief Justice says : " We have at the present term decided, in the case of *Ferguson* v. *Kinsland,* not only that the deed which conveys the estate of a married woman must be executed by both, but it must *be proved to have been executed by the husband or must have been acknowledged by him* according to the act of 1869, which governs this attempted probate, or proved or acknowledged as to both parties under the act in force ( *The Code*, § 1256), *before the private examination is had.*"

The deed is none the less effectual to pass the title of the wife because the husband not only executes it before she does, but after execution sends the officer to take her acknowledgment and privy examination at a point several miles distant, provided that she does then voluntarily assent, and her acknowledgment and privy examination is taken and certified in a form substantially the same as that prescribed by *The Code*, § 1246 (7), by a competent officer.

The proof of acknowledgment by him must precede in the order of time the examination of his wife, but it was not essential under the provisions of the law in force before *The Code* was enacted (Rev. Stat., ch. 37, §§ 10, 11), nor is sec. 1256 of *The Code* fairly susceptible of the construction that both are required to acknowledge the deed at the same moment. *McGlennery* v. *Miller*, 90 N. C., 216. That section (1256) requires that "every conveyance, power of attorney,

or other instrument affecting the estate, right or title of any married woman in, lands, tenements, or hereditaments, must be executed by such married woman and her husband, and due proof, or acknowledgment thereof, must be made as to the husband and as to the wife, and the privy examination of the wife, touching her voluntary assent to such conveyance, power of attorney, &c.,  *  * . *  shall be taken separate and apart from her husband." While the husband and wife must both be parties to the same deed, there is manifestly no requirement in the language of the law which we have quoted that the act of acknowledgment by both should be contemporaneous. Indeed, the words "jointly executed" are used in *Ferguson* v. *Kinsland* in reference solely to writing in "the same deed."

The last scene necessary to the valid execution of such a deed by the wife, is certainly one that the law does not intend shall be witnessed by the husband. Proof of execution by him must be made on his acknowledgment, taken before that of his wife, and her privy examination must be subsequent to both, but the law fixes no definite interval that must elapse between these acts, and it is not even essential that the probate, as to the husband, should be taken and certified to by the same officer who conducts the privy examination of the wife.

But the learned counsel contended that the probate was defective, and the deed inadmissible as evidence, because Bostic, the Justice of the Peace, by whom the acknowledgment and privy examination was taken, did not attach his seal to the certificate. It is true that this Court, in *Welch* v. *Scott*, 5 Ired., 72, held (resting the opinion solely upon the doctrine of *stare decisis*) that a seal was essential to the validity of a criminal warrant. But the Act of 1868–'69, (ch. 178, sub-ch. 1, § 5; *The Code*, § 1134) allowed the magistrate to issue a proper, criminal warrant "with or without seal." *The Code*, § 909 (Act of 1868–'69, ch. 191) prescribed

forms of proceedings in civil actions before Justices of the Peace, but we find no seals attached to the forms of summons, warrant of attachment, or process, that are prescribed, and a substantial conformity to which is, in terms, required by that section.    We see no reason, however, why a warrant of attachment, or summons, should be held invalid if a magistrate should attach a private seal as well as his official signature.    Sub-section 7, § 1246 of *The Code* provides that the certificates of privy examination of married women shall be "*substantially*" as follows, and the form given concludes with the words, "Witness my hand and seal (private or official) this (day of month) A. D. (year). Signature of officer (seal)."    The word "substantially" is used in this connection, as it often is, in the sense of comprehending all of the form given that is necessary or essential.    Where a Justice of the Peace takes the examination, the law presumes that the Clerk of the Superior Court of the county, in whose office his subscribed oath is filed, knows his signature.    *The Code*, § 821.    But the Clerk can judge of the genuineness of his certificate none the more accurately because a private seal may be attached.    Indeed, this principle is recognized on the two forms that follow and constitute a part of the same section.    For the purpose of registration of the deed *in the county* for which the Justice is appointed, the Clerk is required, on inspection of the form and signature, simply to adjudge it correct and order the registration.    But where the proof of privy examination is taken out of the county in which the land is situate, the Clerk must certify, in addition, both to the official character and genuineness of the attestation of the person who signed the certificate.    So that the law presumes not only that the Clerk knows the signature of a Justice of the Peace of his county, but that all citizens of the county are sufficiently acquainted with it to respect process that he may be

104—33

empowered to issue by virtue of his office. It is not mate-
rial that a seal should be added, and, when appended, it
does not furnish the means to officers or private persons of
passing more readily upon the genuineness of the certificate.
The Clerk of the Superior Court, as well as every other
citizen of a county, is bound to respect a criminal warrant,
or. other process, lawfully issued by a Justice of the Peace
for that county, and is expected to know his signature. A
bench warrant issued by a Judge of the Superior Court or
Justice of the Surpeme Court, runs in the hands of an officer
empowered to serve it to every county in the State. We
can conceive of no substantial benefit to be derived from
adding a private seal to the signature of any official instru-
ment by a Justice of the Peace, a Judge of the Superior
Court, or Justice of the Supreme Court, when the signature
is presumed to be known as far as his authority extends,
while his private seal is not. We conclude that so much of
the statutory form as provided for the use of a private seal
is merely suggestive, or, at most, directory—not mandatory.

We see no error in so much of the charge of the Court
as refers specifically to the evidence of the witness Bostic.
The jury were left free to pass upon the testimony where
there was any conflict between that of the *feme* defendant
and that of witness. The statement of Bostic that he took
the acknowledgment of her husband in Shelby, and, leav-
ing her husband there, went several miles into the country
and took her acknowledgment and privy examination at
her home, is not disputed. If the jury believed that the hus-
band was not present, his Honor told them that the validity
of the probate would not be affected by that fact, and in
that view as to the law he is sustained by this Court. The
conflict between her testimony and that of Bostic is not
material in its bearing upon the issues.

Affirmed.