S. D. GREEN et als. v. D. N. BENNETT et als.

*Action to Recover Land—Husband and Wife—Married Woman's Deed—Execution and Acknowledgment of Deed—Estoppel by Judgment.*

1. In the conveyance of land by a wife with the assent of her husband, as allowed by Section 6, Article 10, of the Constitution, the husband and wife should execute the same deed.

2. No title is conveyed by a married woman's deed of her separate property where her husband's consent thereto was not proved and recorded until after the death of the wife.

3. Recitals in a decree for the partition of lands, as to the ownership thereof, are conclusive upon the parties to such proceedings and all persons claiming under them.

ACTION to recover land, tried before *Robinson, J.,* and a jury, at Spring Term, 1895, of STANLY Superior Court. The facts are set out in the opinion.    There was a verdict, followed by judgment for the plaintiffs, and defendants appealed.

*Messrs. Brown & Jerome,* for plaintiffs.

*Messrs. S J. Pemberton* and *MacRae & Day,* for defendants (appellants).

MONTGOMERY, J.: The plaintiffs, who are the heirs at law of Rosani Smith, claim title to and demand the possession of the two tracts of land described in the complaint, one containing three acres, and the other a one-eighth interest in a tract of one acre and a mineral spring on it. The defendant, Foreman, sets up title to the same through a deed to Rosani Smith to himself, dated February 14, 1881, and the other defendants claim the possession under Foreman. The defendant, Foreman, also claims title to the one-eighth interest in the one acre tract by virtue of a decree of the Superior Court of Stanly county, dated the 17th of November, 1888, in a case entitled C. C. Foreman *v.* Hezekiah Hough and others. The husband of Mrs. Smith did not sign the deed, nor does his name appear anywhere in it. On the back of the deed, on the day of its execution, the husband, Smith, made an endorsement in the following words: "I, John Smith, husband of R. B. Smith, the maker of the within deed, do hereby consent to the same." (Signed and sealed by John Smith, June 14, 1881, and witnessed by J. P. Austin.)

The deed was registered on the 21st of September, 1882; the alleged consent of the husband was proved and registered on September 20th, 1894, and after the death of the wife, which took place in 1888. His Honor refused to allow the deed to be received as evidence of defendant's title and right of possession; and his ruling was correct. In the argument here, the counsel of defendants frankly stated that the ruling of the court below was proper unless the court should reconsider and reverse its former decisions bearing upon the power given to married women to convey their

GREEN *v.* BENNETT.

separate property under Section 6 of Article 10 of the Constitution and in the manner prescribed in Section 1256 of *The Code.* It is not necessary to the decision of this case for us to discuss again the effect of the endorsement made by the husband on the deed; whether that act was sufficient execution of the deed. The Constitution, Article 10, Section 6, provides that a married woman may convey her separate property "with the written assent of her husband" as if she was sole; and it was decided by this court in *Ferguson* v. *Kinsland*, 93 N. C., 337, and in other cases that the husband should execute the same deed with the wife. The reason assigned for that requirement in the cases, above referred to "was to afford her (the wife) his (the husband's) protection against the wiles and insidious act of others." But the defendant also offered the deed as color of title. The Statute of Limitations did not run against Mrs. Smith; Section 141 of *The Code.* She died in 1888 and this action was begun in 1891 —less than seven years after her death.

In addition to the claim of the defendants under the deed from Rosina Smith to the one-eighth interest in the one acre tract, on which is the spring of water, they set up an estoppel by record of the Superior Court of Stanly county in a proceeding instituted by Foreman, the plaintiff there, one of the defendants here, against Hezekiah Hough, Sarah (D.) Green and M. C. Underwood, as tenants in common, to sell the land for partition. It was stated in the judgment in that proceding that it was admitted that Foreman owned by purchase and deed of conveyance in fee simple five-eights of the same, one-eighth of which was the Rosani Smith interest, the subject of this action. M. C. Underwood and Sarah D. Green, who were the owners of one-eighth interest each in the one acre tract, were parties to the proceeding instituted for its sale in partition. Sarah D. Green is also a plaintiff in this action and is estopped

therefore to claim any interest in the acre lot and spring; and all the plaintiffs are estopped to claim the interest of M. C. Underwood in the acre lot and spring. M. C. Underwood, from the pleadings in the present action, appears to be dead. She was a child of the original grantor, Elizabeth Green, and the complaint mentions only the four plaintiffs as the heirs at law of Rosina Smith. The judgment in the proceeding for the sale of the acre tract also recited that Foreman owned by purchase and deeds of conveyance in fee simple the interest of Lafayette Green, D. Green and M. J. Biles therein; but as they were not parties to the proceeding they are not bound by the recitals of the judgment. There was no evidence offered on the trial in this action that they had conveyed their interests in the property to Foreman. The judgment below is affirmed, except that, instead of the plaintiffs' recovering the one-eighth interest in and to the acre spring lot, the plaintiffs, D. D. Green, L. Green and W. H. D. Green, recover two-thirds of the same. Modified and affirmed.