J. E. BARRETT and wife v. BARRETT & DAVIS.

*Action to Cancel Deed—Defective Probate—Curative Acts—Retrospective Laws.*

1. While the probate of a deed where the acknowledgment and privy examination of the wife is taken before the proof of the execution by the husband, is insufficient, and registration thereunder is invalid, and no curative statute can divest or impair the rights of third persons acquired before the enactment of such statutes ; yet, as between the parties and before the rights of others intervene, the power of the Legislature to remedy such defects is well recognized.

2. Chapter 293, Acts of 1893, validating probates of deeds by husband and wife, where the wife's privy examination was taken prior to the husband's "acknowledgment," embraces cases where the execution of the deed by the husband was proved by a subscribing witness, and not by the technical "acknowledgment" of the husband.

3. Retrospective legislation is invalid only when its effect would be to divest or interfere with vested rights, and it being competent for the Legislature to provide what mode of probate shall be valid and when it does so it can affect past as well future probates, provided no vested rights of third parties are affected thereby.

CIVIL ACTION, for the cancellation of a deed, tried before *Graham, J.,* at Fall Term, 1896, of PITT Superior Court, on a case agreed as follows:

"1. That prior to the 16th day of July, 1891, the *feme* plaintiff was seized of an undivided one-half interest in a certain tract of land in the county of Pitt, fully described and set out in her complaint, and that on the said day she and her husband signed a deed purporting to convey, and sufficient in form to pass, a fee simple title in her said interest in the land to one R. B. Bynum, executing his note for the purchase money thereof in the sum of nine hundred dollars, the whole of which note still remains unpaid. That the said R. B. Bynum is insolvent.

"2. That on the said 16th day of July, 1891, the acknowledgment and privy examination of the *feme* plaintiff was taken before a justice of the peace, and later in the day proof as to the execution by the husand was made before the clerk of the court, the examination and acknowledgment of the wife before the justice preceding the proof as to the husband before the clerk in point of time a few hours.

"3. That subsequently the said R. B. Bynum conveyed the said land to the defendant, R. L. Davis, in fee, who conveyed same to defendant, E. B. Barrett. That the defendants were purchasers for value and without any notice of any defect in the probate and registration of said deed from plaintiffs to said R. B. Bynum (if there be any defect), except such as the law may fix them with from the registration books.

"4. That the defendant, E. A. Barrett, and wife, E. B. Barrett, are in the sole possession of the said lands, receiving the rents and profits of the same, and that defendant Davis holds a mortgage thereon.

"5. The plaintiffs insist that upon the foregoing facts they are entitled to judgment prayed for in their complaint, for that the deed from the plaintiffs to R. B. Bynum is void on account of the defective probate and registration.

"6. The defendants insist that upon the foregoing facts they are entitled to have judgment rendered in their favor, for that the defect in probate of deed from plaintiff to R. B. Bynum (if it shall be found that any defect exists), was cured by the act of 1893, and that plaintiffs are estopped by their deed, and under no circumstances are they entitled to recover in this action.

"It is agreed that if the court shall be of opinion with the plaintiffs, upon the whole case, that they are entitled to recover the possession of the lands in this action, together with their portion of the rents and profits, judgment shall be entered for them; but if the court shall be of opinion that the plaintiffs are not entitled to recover, then judgment shall be entered for the defendants."

His Honor rendered judgment for plaintiffs and defendants appealed.

*Messrs. H. G. Connor* and *J. F. Bruton*, for plaintiffs.
*Messrs. Jarvis & Blow*, for defendants (appellants).

CLARK, J.: The acknowledgment and privy examination of the wife having been taken prior to the proof of the execution of the deed by the husband, the probate was insufficient, under the Code, Section 1256; *McGlennery* v. *Miller*, 90 N. C., 215; *Ferguson* v. *Kinsland*, 93 N. C., 337; *Southerland* v. *Hunter*, Ibid, 310; *Lineberger* v. *Tidwell*, 104 N. C., 506. A registration had upon an unauthorized probate is invalid. *DeCourcy* v. *Barr*, 45 N. C., 181; *Todd* v. *Outlaw*, 79 N. C., 235; *Duke* v. *Markham*, 105 N. C., 131. And if third parties acquired rights, as by liens, against the grantor or conveyances from him, registered before the curative act, though with notice of such defectively probated instruments, the rights of such third parties could not be divested or impaired by the curative statute.

120—17

BARRETT *v.* BARRETT.

*Robinson* v. *Willoughby*, 70 N. C., 358; *Smith* v. *Castrix*, 27 N. C., 518; *Gordon* v. *Collett*, 107 N. C. 362; *Long* v. *Crews*, 113 N. C., 256; *Williams* v. *Kerr*, Ibid, 306; *Quinnerly* v. *Quinnerly*, 114 N. C., 145. Here, however, the proceeding is between the grantors and the grantee of the grantee, and no question arises of the rights of third parties claiming under a subsequent lien against, or grant from the grantor acquired prior to the curative act. As between the parties, the deed is valid without registration. *Leggett* v. *Bullock*, 44 N. C., 283.

The *feme* plaintiff signed the deed and her privy examination was properly taken. There is no controversy on these points. The sole defect is that the privy examination was taken a few minutes or hours before the husband's acknowledgment on the same day of the execution of the deed by him. The power of the legislature to cure such defects, as between the parties, has not only been recognized by this court in cases above cited, but elsewhere; Cooley Const. Lim. (6th Ed.), 463, 464, and numerous cases there cited. It is true, as insisted by plaintiff's counsel, that the curative act, 1893, Ch. 293, makes valid probates where the wife's privy examination was had prior to the husband's "acknowledgment," but we must take it that this embraces, in the true intendment of the act, cases like the present, in which the execution of the deed by the husband was proved by a subscribing witness, and not by his technical acknowledgment. "The legislature may abolish all the incapacities of married women and give them full power to contract as *femes sole*" (subject only to the constitutional restriction that conveyances of their property cannot be made without the written assent of their husbands), *Bank* v. *Howell*, 118 N. C., 271, citing *Pippen* v. *Wesson*, 74 N. C., 437, 445. Whatever the effect of the privy examination of a married woman at common law,

BARRETT *v.* BARRETT.

since the Constitution of 1868 (Art. X, Sec. 6), it is a mere statutory requirement, which any legislature can abolish at will, except in conveyances of the Homestead, Cons. Art. X, Sec. 8. The legislature has power to pass, repeal or modify the laws regulating the manner of executing, proving or recording conveyances, and the exercise of such power to cure defective compliance with former statutes cannot be an interference with vested rights as between the parties to such instruments. *Tatom* v. *White*, 95 N. C., 453, 459. It only becomes so when third parties have acquired rights which would be impaired by the act which is intended to cure the defective execution, probate or registration. The deed having been signed by the wife for the purposes therein set forth, and her privy examination before a proper officer having disclosed the fact that she had done so voluntarily and still assented thereto, we cannot agree with her able, learned and zealous counsel that such deed was void or that the legislature infringed upon the judicial department in passing the curative statute. There was merely a defect in the probate, which, until cured, rendered the registration invalid. It is competent for the legislature to provide what mode of probate shall be valid, and when it does so it can affect past as well as future probates, except that the rights of third parties, claiming prior to the validating act, cannot be divested. Retrospective legislation is not necessarily invalid. It is only so to the extent it would divest vested rights. The *feme* grantor had no vested rights in the land which she had conveyed away by her deed with the assent of her husband, which is all that the Constitution requires, except in conveyances of the homestead.

Reversed.