A. H. SLOCOMB v. JOHN C. RAY and wife, Mary A. Ray.

(Decided December 20, 1898.)

*Mortgage—Husband and Wife—Dower.*

To bind the dower interest by mortgage husband and wife must join in the execution of the mortgage deed, separate conveyances will not comply with the requirement of the Constitution, Article X, Section 6 and of *The Code,* Section 1256.

CIVIL ACTION for foreclosure heard before *Allen, J.,* at May Term, 1898, of CUMBERLAND Superior Court upon demurrer.

John C. Ray, defendant, executed a mortgage to the plaintiff on his land by deed dated 18th January, 1892, which his wife did not sign, but on the 3rd November, 1892, she executed a separate deed, in which her husband did not join, releasing her dower interest and all other interest she might have in said land by virtue of her marital rights, in favor of the note and mortgage executed by her husband.

All this appeared on the face of the complaint.

The defendants filed no answer, but demurred *ore*

SLOCOMB *v.* RAY.

*tenus.* His Honor sustained the demurrer as to the *feme* defendant, Mary A. Ray, and discharged her; and rendered judgment for the debt and foreclosure against her husband.

The plaintiff excepted and appealed from that part of the judgment sustaining the demurrer as to Mary A. Ray.

*Mr. H. L. Cook*, for plaintiff (appellant).
*Mr. N. W. Ray*, for defendants. ·

DOUGLAS, J., delivers the opinion of the Court.
CLARK, J., dissents.

DOUGLAS, J.: This is an action for the foreclosure of a mortgage executed on the 18th day of January, 1892, to the plaintiff by the defendant, J. C. Ray, in which his wife and co-defendant Mary A. Ray, did not join. Subsequently to its execution, on the 3rd day of November, 1892, the said Mary A. Ray executed to the plaintiff a similar mortgage upon her dower interest in the same property to secure the same debt of her husband. In this mortgage the husband did not join.

Upon the trial of the action the defendants demurred to the complaint *ore tenus*, "Upon the ground that the complaint showed upon its face that the defendant John C. Ray, executed the note and mortgage on the 18th of January, 1892, and that the defendant Mary A. Ray, wife of John C. Ray, did not sign and execute the same mortgage at the same time with her husband, but on November 3rd, 1892, she executed a paper releasing her dower interest and all other interest she might have in said lands by virtue of her marital or other rights, in favor of the note and mortgage executed by her said husband." The defendants filed no answer.

The Court sustained the demurrer as to Mary A. Ray and gave judgment against the other defendants for the debt and foreclosure of the mortgage on the land, discharging the defendant, Mary A. Ray.

The plaintiff appealed from that part of the judgment sustaining the demurrer as to Mary A. Ray only.

This presents the sole question in the case, whether the mortgage of the wife, executed by her alone, is sufficient to convey or release her right of dower. We think not.

Article X, Section 6, of the Constitution is as follows: "The real and personal property of any female in this State acquired before marriage, and all property, real and personal, to which she may, after marriage, become in any manner entitled, shall be and remain the sole and separate estate and property of such female, and shall not be liable for any debts, obligations or engagements of her husband, and may be devised and bequeathed, and *with the written assent of her husband,* conveyed by her as if she were unmarried."

Section 1256 of *The Code* provides that "Every conveyance, power of attorney or other instrument affecting the estate, right or title of any married woman in lands, tenements or hereditaments, *must be executed by such married woman and her husband.*"

This clearly contemplates that the same instrument of writing shall be executed by both. Chapter 136 of the Laws of 1895 in no way alters this requirement, as that Act simply refers to the acknowledgment and not to the execution of the instrument.

This Court has well said in *Ferguson* v. *Kinsland*, 93 N. C., 337, 339, that: The requirement that the husband should execute the same deed with the wife, was to afford her his protection against the wiles and in-

SLOCOMB *v.* RAY.

sidious arts of others, while her separate and private examination was to secure her against coercion and undue influence from him." Approved in *Green* v. *Bennett*, 120 N. C., 394.

The wife is legally presumed to be always under the protection of the husband, whose stronger character renders him less liable to sinister influences and whose wider range of experience gives him a better knowledge of business affairs. The particular act by which her property is affected must meet his concurrent assent expressly given in the instrument itself. Otherwise the instrument is a nullity, as coming within the express prohibition of the statute and opposed to the letter and spirit of the constitution. The Constitution includes "all property, real and personal;" while the statute relates to "every instrument affecting her estate, right or title." Both clearly include her right of dower, which although inchoate, is none the less vested.

The legal assent of the husband cannot be presumed from any other instrument. It must be expressed in the instrument itself to which it alone can give validity. Under the statute it is the joinder of the husband and wife that makes the instrument which without such joinder would be the deed of neither as far as the wife's interest is concerned.

We think that these conclusions, based upon the letter of the law, are in harmony with the uniform current of our decisions. *Harris* v. *Jenkins*, 72 N. C., 183, 186; *Southerland* v. *Hunter*, 93 N. C., 310, 311; *Ferguson* v. *Kinsland*, Ibid, 337, 339; *Lineberger* v. *Tidwell*, 104 N. C., 506, 510: *Green* v. *Bennett*, 120 N. C., 397. The opinion in *Barrett* v. *Barrett*, 120 N. C., 127, does not conflict with these cases, as there the husband and wife executed the same deed, and the opinion says on

page 130, that: The sole defect is that the privy exami-
nation was taken a few minutes or hours before the
husband's acknowledgement on the same day of the
execution of the deed by him." It was therefore held
that this defect was cured by Chapter 293 of the Laws
of 1893.

For the reasons stated in this opinion the judgment is
affirmed.

Affirmed.

CLARK, J., dissenting: The husband executed his
deed with full covenants of warranty. In a subsequent
deed the wife executed a release of her contingent right
of dower. Her privy examination was duly and regu-
larly taken. The only defect that can be urged is that
"the written consent" of her husband was not taken,
but the conveyance is not of her own land, and even if
it were the previous deed of the husband with warranty
was a written consent given with all solemnity. There
is no statute anywhere which requires that the husband's
assent shall be in the same deed with the wife's release
of her dower. When it is the husband's land and he
has conveyed it by deed with full warranty and subse-
quently the wife releases her dower right by deed with
privy examination, the warranty in the husband's deed
is not only an assent to the wife's subsequent release of
dower but a solemn contract that she shall make the
release and is a liability of his estate should he die be-
fore his wife and without procuring her to execute such
release.

There was a line of decisions all quoted in *Barrett* v.
*Barrett*, 120 N. C., 127; to the effect that where the
privy examination of the wife was taken *before* the
proof of the execution by the husband, the probate was

insufficient, but that was not the case here, and even that was held so exceedingly technical that Chapter 293, Laws 1893, was enacted: "That in all cases . . . when the acknowledgment of a husband has been taken before or subsequent to the acknowledgment and privy examination of his wife" it shall be "valid and binding" and Chapter 136, Acts 1895, recognizing the inconvenience that might arise from the previous technical construction, further provides that the acknowledgment of the husband and wife may be before different officers and even in different States.

As already stated, the release of dower being by deed with privy examination duly taken was not only with written assent of her husband but in performance of his contract of warranty under seal. If it was a conveyance of her property, held by her independant of any control of her husband, the case is that of two joint owners of an interest in property, which can be conveyed by them in separate deeds and construing the two papers together the Court should hold there was a conveyance of the entire title, each assenting to what the other had done. There is no statute or good reason why both must necessarily join in the same deed, which at times may be inconvenient, as is recognized by Chapter 136, Acts 1895, and in the absence of any statute requiring joinder in the same deed, even if it were desirable, the Courts cannot make one. *Green* v. *Bennett*, 120 N. C., 394, was decided on a transaction occurring before the above cited Acts of 1893 and 1895 and therefore it was governed by the technical ruling in *Ferguson* v. *Kingsland*, 93 N. C., 337 and such cases, a distinction which was pointed out in *Barrett* v. *Barrett*, 120 N. C., 127. In the present case, rights of third persons have not intervened and the curative statutes apply.