W. C. PENLAND v. J. E. BARNARD et al.

(Filed 14 December, 1907).

1. **Deeds and Conveyances—Probate in Another State Defective—Validating Statutes.**

    When no vested rights are impaired, a deed dated in 1869 is not
    incompetent evidence upon the ground of a defective probate,
    showing the acknowledgment of the grantor and his wife, and her
    privy examination, taken before the Clerk of a certain County
    Court of Tennessee, with the seal of that court affixed thereto,
    apparently the seal of his office, the same being validated by Acts
    of 1883, ch. 129; Acts of 1885, ch. 11; The Code, sec. 1262; Re-
    visal, sec. 1022.

2. **Same—Probate, Defective—Validating Statutes—Constitutional Law.**

    The Legislature has the constitutional right to enact statutes
    - making valid deeds theretofore invalid by reason of defective pro-
    bate, when no vested rights are impaired.

CIVIL ACTION, tried before *Moore, J.,* and a jury, at Sep-
tember Term, 1907, of the Superior Court of FORSYTH
County.

The facts sufficiently appear in the opinion.

*Axley & Axley, Ben. Posey* and *E. B. Norvell* for plaintiff. *Dillard & Bell* for defendants.

WALKER, J. This is an action in the nature of trespass *quare clausum* for cutting timber. The solution of the controversy depends upon the true location of the tract of land containing 100 acres which was excepted from the deed of Wilkerson to Eaves, dated 3 August, 1869, for the land which had theretofore been conveyed to S. P. Wilson, and the location of that tract of 100 acres depends, in its turn, upon whether its southern boundary line is at A B, as indicated on the map and as contended by the defendants, or at C D, as contended by the plaintiff. There was evidence upon which the jury were well warranted in deciding, as they did, that the line was at C D, the timber having been cut below that line, if the verdict was correct in fact and in law.

The defendants objected to the introduction of the deed from Wilkerson to Eaves, upon the ground of a defective probate. The acknowledgment of Wilkerson and his wife, and her privy examination, were taken before Samuel Hunt, Clerk of the County Court of Cleveland, Tennessee, and the seal of that court, which appears to be the seal of his office, is affixed thereto. This probate would be insufficient to authorize the registration of the deed, and the objection would have been good but for the several acts of the Legislature relating to such probates and validating the same. Acts of 1883, ch. 129; Acts of 1885, ch. 11; The Code, sec. 1262; Revisal, sec. 1022. The original act of 1883 allowed probates to be taken by a notary or a Clerk of a Superior Court in another State and certified under the official seal of such notary or Superior Court. By the act of 1885 the words "Superior Court" are stricken out and the words "court of record" substituted, so that it will read, as amended, "a clerk of a court of record." The act, as originally enacted and amended and as inserted

PENLAND *v.* BARNARD.

in The Code and in the Revisal, further provided that a deed so proved and certified, "with the certificate of its having been registered" in the proper county, should be a sufficient registration of the same, "and such proof and registration shall be adjudged good and valid in law." That such legislation is constitutional where it does not affect vested rights cannot now be questioned. The able and learned opinion of the present Chief Justice in *Barrett v. Barrett,* 120 N. C., 127, which is well sustained by authority, fully demonstrates the power of the Legislature to enact it, and clearly defines the limitations upon that power. See, also, *Anderson v. Wilkins,* 142 N. C., 154. We do not understand how the defendants are in a position, with respect to the title conveyed by the Wilkerson deed, to challenge the validity of the act. The deed was properly admitted in evidence. This seems to have been the main contention of the defendants. We have examined very carefully the other exceptions of the defendants and have found them to be without merit. The rulings as to evidence, even if not correct in themselves, did the defendants no harm. There must not only be error in order to reverse a judgment in this Court, but prejudicial error. We do not mean to imply that any of those rulings were not correct. We think they were right. Besides, the finding of the jury has rendered some of them immaterial.

The charge of the court was substantially responsive to the defendants' prayers for instruction, and covered the material points of the case. The defendants, in our opinion, have no just or legal ground to complain of the proceedings below. The pivotal question was the location of the true dividing line between the land of the parties, and that was largely a question of fact. Under a correct charge from the court, the jury have found that it is the "black" line and not the "red" line, and, this being so, the plaintiff has established the trespass.

No Error.