CLARK, C. J., dissenting. *Page 226 
This is an action to foreclose a mortgage and to determine the right in certain lands as between first and second mortgagees. (177) D. N. Black was the owner of the land, and on 31 November, 1909, he and his wife, Sarah J. Black, delivered to the plaintiff a mortgage conveying said land to secure a debt of $281 due the plaintiff. Said mortgage was signed by the husband and wife. It has never been acknowledged by the husband or otherwise probated as to him, but it has been acknowledged by the wife and her private examination taken, and it was placed on the records in the office of the register of deeds on 10 December, 1909.
On 5 October, 1906, the said Black and wife executed a mortgage conveying said land to the defendant Johnson, to secure a debt of $300 due him, which was duly probated and was duly registered on 14 July, 1910.
It is agreed by counsel, on these facts, that the only question to be decided in this cause is whether or not the mortgage to W. J. Johnson constitutes a lien on all interest in said land prior to that of the plaintiff; that is to say, the defendant W. J. Johnson contends that inasmuch as the mortgage deed to the plaintiff was not probated as to D. N. Black, the dower interest of Sarah J. Black did not pass by virtue of said mortgage to the plaintiff; whereas the said plaintiff, admitting that the interest of D. N. Black did not pass by virtue of said mortgage, contends that the dower interest of the said Sarah J. Black is vested in him, the plaintiff, by virtue of said mortgage.
Judgment was rendered in favor of the plaintiff, condemning the dower interest of Sarah J. Black to be sold, and the defendant excepted and appealed.
The statute in force when the mortgage to the plaintiff was executed (Revisal, sec. 952) provided that it should be signed by the husband and the wife; that it should be duly acknowledged by both, and that the private examination of the wife should be duly taken in order to affect the estate, right, or title of the wife; and while the Constitution, Art. X, sec. 6, says that the real and personal property of a married woman "may be devised and bequeathed, and, with the written assent of her husband, conveyed by her as if she were unmarried," it has been held that the General Assembly may prescribe the form in which the assent of the husband shall be evidenced, and that these forms are material and must be complied with. *Page 227 
The case of McGlennery v. Miller, 90 N.C. 218, is almost directly in point. In that case the husband and wife signed the deed, the private examination of the wife was duly taken in 1852 and proof of the execution of the deed as to the husband was made in 1857 by a subscribing witness. It was held that the deed did not convey the (178) title of the wife, and the Court says: "It is contemplated and required by the statute that the deed shall be first acknowledged by the husband and wife, and that her privy examination shall be taken afterwards; or if, for any of the causes specified in the statute, this cannot be done, then, first, the husband must acknowledge the execution of the deed, or it must be proved as to him by witnesses before a judge or the county court, and then, upon suggestion to the judge or county court, as directed by the statute, the commission may go out to take the acknowledgment and privy examination of the wife.
"This is the order of acknowledgment of the execution of a deed by husband and wife provided by the terms of the statute, and this order is regarded as material, and of the substance of the execution of such a deed. The leading purpose of the statute, it is true, was to facilitate alienations by married women, but it was likewise intended to protect them against the undue influence of their husbands. Hence the privy examination; this was to take place after the acknowledgment of the signing of the deed, apart from the husband, in the presence of the examining officer where the wife was supposed to feel free to express herself under the examination as to her will and desire in respect to the deed. It was intended, also, that the husband should first acknowledge the execution of the deed, to the end it appears that the wife signed the same with his knowledge and consent. She is to be protected by him as well as by the law. This view of the statute is fully warranted by its terms and purpose, and it has been so repeatedly and uniformly construed. Burgess v. Wilson, 2 Dev., 309; Piercev. Wanett, 10 Ired., 446; Malloy v. Bruden, 88 N.C. 305."
Again, in Ferguson v. Kinsland, 93 N.C. 339, the Court held that the requirement that the deed should be jointly executed by the husband and wife must be complied with, and the Court considers and answers the constitutional objection as follows: "The only point made by the appellant's counsel is that the Constitution, Art. X, sec. 6, which secures to a married woman all the property acquired previous to and since her marriage as her sole and separate estate, free from her husband's debts, and confers upon her power to devise and bequeath, and, with her husband's written consent, to convey it as if she were unmarried, sanctions this mode. But it is for the General Assembly to provide the method by which this right may be exercised, as it has done heretofore when her real estate was not less her own, and when she was permitted *Page 228 
to convey it only by observing a prescribed form. The requirement that the husband should execute the same deed with his wife was to afford her his protection against the wiles and insidious arts of others, while her separate and private examination was to secure her against (179) coercion and undue influence from him. These have been deemed prudent safeguards to insure freedom of violation and action on her part when she is disposing of her real property, and these are none the less necessary now, when she retains her full real and personal estate. The statute in force when the deed was made comprehends her sole and separate estate in land, retained under the Constitution, as well as that she held before, after entering into the marriage relation. It no more abridges her rights of property, and is but a legislative direction as to the manner in which it may be exercised. The consent necessary under the Constitution must be given in the manner provided by law, and whether by the husband's writing in the deed or by a separate writing as attempted here, it equally restricts her capacity of disposal, and is alike exposed to the imputation of being in conflict with the Constitution."
The statute has been changed since these decisions to permit the acknowledgment of the husband to be taken after that of the wife and before a different officer (Revisal, sec. 953), but section 952 still requires the acknowledgment of the husband or proof of his execution of the deed to pass the title or interest of the wife; and the principle announced, that the General Assembly has power to prescribe the form in which the assent of the husband to the execution of a deed by the wife shall be evidenced, is unimpaired, and was fully recognized in Warren v. Dail, 170 N.C. 409.
The case of Southerland v. Hunter, 93 N.C. 310, which has been approved on this point in Lineberger v. Tidwell, 104 N.C. 511, and in Slocumb v.Ray, 123 N.C. 574, construes section 1256 of The Code (1883), now Revisal, sec. 952; and it is there held that a deed signed by the husband, but not proved as to him, was ineffectual to pass the title of the wife, although her acknowledgment and private examination were taken, which is the precise question now before us.
The fact that the General Assembly saw fit to change the statute requiring proof as to the husband and wife to be taken before the same officer, and that proof as to the husband should precede proof as to the wife, after the decisions of McGlennery v. Miller and Ferguson v. Kinsland, and left the statute unchanged as to the requirement that the deed must beproved as to the husband to pass the title or interest of the wife, after the decision in Southerland v. Hunter, furnishes the strongest possible evidence that the General Assembly thought the latter a safeguard which ought to be retained. *Page 229 
The case of Jennings v. Hinton, 126 N.C. 48, does not deal with the statutes prescribing the forms for conveying the real estate of a married woman, as there was no land involved in the action, and the question for decision was the validity of an assignment of an insurance policy.
It follows, therefore, that as the mortgage under which the (180) plaintiff claims was not acknowledged by the husband, nor proof made as to his execution thereof, it does not operate to pass the dower interest of the wife, and that there was error in the judgment.
Reversed.